# Exhibit B

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

HARTER SECREST & EMERY LLP,

                              Plaintiff,                    VERIFIED
                                                           COMPLAINT

          -vs-                                    Index #

TOWN OF AMHERST, NEW YORK AND
TOWN OF AMHERST ZONING BOARD
OF APPEALS,

                              Defendants.

_____

The Plaintiff, as and for its Complaint against the Defendants herein, respectfully alleges and shows to the Court as follows:

1. The Plaintiff, Harter Secrest & Emery LLP ("HSE") has principal place of business within Monroe County, New York.

2. Upon information and belief, at all times herein mentioned and at the present time, Defendant Town of Amherst ("Amherst") is a municipal corporation located within Erie County, New York., with offices located at 5583 Main Street, Williamsville, New York.

3. Upon information and belief, at all times herein mentioned and at the present time, Defendant Town of Amherst Zoning Board of Appeals ("Zoning Board") is a subdivision of the Town of Amherst, and the Zoning Board maintains a place of business at 5583 Main Street, Williamsville, NewYork.

4. Plaintiff and Defendant Zoning Board entered into a letter of representation setting forth the terms and conditions under which the Plaintiff would act on behalf of the Defendant. A copy of that agreement is annexed hereto as Exhibit "A".

5. During the time that HSE represented the Zoning Board, HSE successfully defended and obtained dismissal of certain claims asserted against the Zoning Board, and in addition, successfully defended a motion for injunctive relief before the Appellate Division, Fourth Department.

-2-

6.   All of HSE's legal efforts on behalf of the Zoning Board were entirely successful, and all objections were achieved in full.

## AS AND FOR A FIRST CAUSE OF ACTION

7.   Plaintiff repeats and realleges paragraphs 1 through 6 as though fully hereinafter set forth herein.

8.   At the specific request of the Zoning Board, HSE performed legal services for said Zoning Board in the fair and reasonable amount of $64,927.15.   Such charges were billed by the Plaintiff to the Defendant herein in three invoices.

9.   The first invoice, dated 10/20/17, was in the total amount of $48,651.38.  A copy of same is annexed hereto as Exhibit "B".

10.   The second invoice, dated 1/17/18, was in the total amount of $12,758.27.  A copy of same is annexed hereto as Exhibit "C".

11.   The third invoice dated 3/26/18, was in the total amount of $4,359.90.  A copy of same is annexed hereto as Exhibit "D".

12.   Although duly demanded, the Defendant has not paid any portion of the above amounts.

13.   The Plaintiff is in compliance with Town Law 65(c).

14.   A timely notice of claim was filed on April 18, 2018.

## AS AND FOR A SECOND CAUSE OF ACTION

15.   The Plaintiff sent the Defendant specific invoices detailing services rendered.  Such invoices are collectively annexed hereto as Exhibit "E", with each item separately numbered.

16.   All of the services set forth in Exhibit "E" were performed as agreed by the Plaintiff.

17.   The attorneys fees charged by the Plaintiff were fair and reasonable.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A.  On the First Cause of Action: in favor of Plaintiff and against the
Defendant in the amount of $65,769.55;

B.  On the Second Cause of Action: in favor of Plaintiff and against the
Defendant in the amount of $65,769.55;

-3-

C.  In favor of the Plaintiff for all applicable interest; and

D.  In favor of the Plaintiff for the costs and disbursements of this action.

Dated: _August 9_ , 2018

Steven E. Feder, Esq.
Pirrello, Personte & Feder, PLLC
Attorneys for Plaintiff
2040 Ridge Road East
Rochester, New York 14622
(585) 544-7090

-4-

VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE) SS:

       Craig S. Wittlin _____, being duly sworn deposes and says that:
I am a Partner of the Plaintiff LLP in the action herein; I have read the annexed Verified
Complaint and know the contents thereof and they are true to my knowledge, except those
matters therein which are stated to be alleged on information and belief, and as to those matters, I
believe them to be true.

HARTER SECREST & EMERY LLP

By: _____, Partner

Sworn to before me this

9th day of August _____, 2018

_____
Notary Public

DAWN M. PRATT
Notary Public, State of New York
Monroe County
Commission Expires ___7/15/19___

# EXHIBIT "A"



# TOWN OF AMHERST

## ERIE COUNTY, NEW YORK

5583 MAIN STREET
WILLIAMSVILLE, NEW YORK 14221
(716) 631-7030
FAX (716) 631-7101
www.amherst.ny.us

**Stanley J. Sliwa**
Town Attorney

**Nicole M. Burroughs**
Paralegal

**Melissa S. Lynch**
Paralegal

Joanne A. Schultz
Sr. Deputy Town Attorney

Jeffrey E. Marion
Deputy Town Attorney

Philip S. Meyer
Deputy Town Attorney

July 27, 2017

Edward P. Premo, II
Harter Secrest & Emery, LLP
1600 Bausch and Lomb Place
Rochester, New York 14604

> **Re:   Engagement Letter**
> **4400 N. French Road (The Green Organization)**

Dear Mr. Premo:

We are pleased to inform you that the Town of Amherst Zoning Board of Appeals (ZBA) has engaged your firm to serve as its legal counsel on the civil litigation matter involving the Town of Amherst (Town) against the Town of Amherst Zoning Board of Appeals (ZBA) and others. To the extent the ZBA wishes to engage your firm to represent them regarding other matters, you will be required to sign a separate engagement agreement describing the scope of that representation prior to initiation of services. It is our policy to confirm in writing the nature of the engagement and the terms of your legal representation. If you do not understand all of the terms or language in this engagement agreement, please contact Stanley J. Sliwa, Esq., Town Attorney, prior to signing this engagement agreement.

**Scope of Representation**: You have been engaged to represent the ZBA and its officers, agents, employees or representatives in relation to a specific civil suit brought by the Town of Amherst and the Town of Amherst Town Board against the ZBA relating to granting of variances on June 14, 2017 for property located at 4400 North French. You represent that you do not know of any related legal matters that would require your legal services relating to this matter. If such matters arise later, you agree that this agreement does not apply to any related legal matter. Therefore, a separate engagement agreement for provision of services and payment for those services will be

required if we wish to engage the Firm to perform legal services pertaining to such matters.

**Limited Scope of Representation**: The scope of your representation does not include advice or services regarding accounting, tax, personal financial matters or business management, and related non-legal matters and advice.

**Fees and Billing Statements**: You will submit a bill to us every quarter. Expenses will be separately stated on your bill and your fees will be charged as indicated below. The firm further agrees to abide by the Town's Handling Guidelines and Billing Guidelines, which are enclosed.

The Town agrees to pay Firm for the actual time expended by its attorneys and paralegals in defending the ZBA, ~~at reasonable rates billed by counsel in Western New York for performing such work.~~ per attached schedule *EFP*

**Expenses**: In the course of rendering services, it may be necessary for you to incur expenses for items such as filing and recording fees, deposition transcripts, overnight or special delivery service, photocopying, travel, lodging and meals. The actual expenses incurred will vary depending on the service provided.

Expense items incurred on our behalf must be itemized separately and listed on your billing statements as "disbursements." Expense disbursements will be current at the time of final billing.

**Responsibilities of Law Firm and Client**: You will provide only legal services, as previously described in the "Scope of Representation" and "Limited Scope of Representation" sections of this engagement agreement. You will keep the ZBA apprised of developments and will consult with the ZBA as necessary to ensure the timely, effective, and efficient completion of your work.

You agree to be truthful and cooperative with the ZBA, to respond to their inquiries and communications promptly and to provide promptly all information known or available that may be relevant to your engagement. The ZBA will provide you with factual information and materials as required by you in order to assist you in performing legal services.

It is your duty to keep the ZBA informed of your mailing address and other contact information. If at any time during the course of this representation your address becomes unknown or the ZBA is otherwise unable to contact you, the ZBA shall be permitted to dismiss you from this representation by sending you a certified letter to your last known address and by depositing with the Clerk of the Court for the county of your last known residence any property owned by you in our possession, including but not limited to items of personal property, funds, and any portions of the actual client file that belong to you.

**Termination**: The ZBA may terminate this representation at any time without cause by notifying you in writing of their desire to do so. Upon receipt of the notice to terminate representation, you will cease all legal work on behalf of the ZBA immediately. The ZBA will be responsible for paying all legal fees, expenses and disbursements incurred on our behalf in this matter until written notice of termination is received by your firm.

If the ZBA elects to terminate your representation, it will timely take all steps reasonably necessary and will cooperate as reasonably required to relieve you of any further obligation to perform legal services, including the execution of any documents necessary to complete your withdrawal from representation. In such case, the ZBA agrees to pay for all legal services performed and any legal fees, expenses or disbursements incurred on our behalf before the termination of our representation in accordance with the provision of this agreement.

**File Retention and Destruction**: At the conclusion of this matter, you will retain your legal files for a period of seven (7) years after the particular matter is closed. At the expiration of the seven (7) year period, you will destroy these files unless the ZBA notifies you in writing that we wish to take possession of them.

**No Guarantee of Success**: It is specifically acknowledged that the Firm has not made any warranties or representations to the ZBA, nor have you given the ZBA any assurances as to the favorable or successful resolution of the matter referred to above; nor as to the favorable outcome of any legal action that may be filed; nor as to the nature or amount of any awards or distributions of property, attorney's fees, costs, or any other aspects of this matter. All of the Firm's expressions relative to this case are limited only to estimates based upon your experience and judgment and are only your opinion.

**Professional Liability Insurance**: The Firm maintains errors and omissions insurance coverage applicable to the services to be rendered.

If you have any questions or concerns about the terms of this engagement agreement, please contact Town Attorney Stanley J. Sliwa, Esq. immediately.

By signing this agreement, the Firm confirms that you have read this engagement agreement, understand it provisions, and agree to abide by it. Please execute three (3) originals of this agreement and return them to us.

ACKNOWLEDGED & AGREED TO:

TOWN OF AMHERST ZONING BOARD OF APPEALS

By:  John H. Radens, Chairman          8 / 7 / 17
     Town of Amherst Zoning Board of Appeals          Date

Harter Secrest & Emery, LLP

By:  Edward P. Premo, II          August 1, 2017
     Harter Secrest & Emery, LLP          Date
     1600 Bausch and Lomb Place
     Rochester, New York 14604

## FEE SCHEDULE

Edward F. Premo, II
(Partner)                                           $414/hour

John G. Horn
(Partner)                                           $401/hour

Greg Scholand
(Associate)                                         $216/hour

Laura Moore Smith
(Associate)                                         $225/hour

Eight hours of free consultation by Edward F. Premo, II to Amherst ZBA on preserving its independence.

## EXHIBIT "A"

## BILLING GUIDELINES FOR ATTORNEYS PROVIDING
## LEGAL SERVICES TO TOWN OF AMHERST

### I.    INTERIM BILLING POLICY

We require an regular billing to monitor legal fees and expenses at every stage of the litigation.  Counsel must submit billings for fees and expenses on any file on a quarterly basis, calculated from receipt of the Town of Amherst. (hereinafter referred to as the "Town") file in your office.   Upon pre-approval by the Town, alternative billing arrangements for unusual or complicated cases will occur as necessary.

### II.   PROFESSIONAL SERVICES BILL FORMAT

#### A.  Bill Format

The Town requires that you utilize a bill format that will adequately inform us as to the extent and nature of services provided.  This requires that the invoice include:

- The date the identified function was performed
- The initials of the billing attorney or paralegal
- A description of the **single itemized service** provided[1]
- Specific, accurate time in **tenths** per hours[2]
- The agreed-upon hourly rate for the timekeeper providing the service
- The total charge for that individual line entry.

After this itemization, the bill should include a summary section for the billing period, with the following information:

- Initials of each attorney or paralegal
- The position (i.e., partner, associate, paralegal, etc.) of each timekeeper
- Total number of hours billed by each timekeeper performing services during the billing period
- The hourly rate charged for each timekeeper performing services during the billing period
- The total amount charged for each timekeeper during the billing period.

---

[1] For example, preparation time should be separated from attendance time at depositions. Travel time to the deposition should also be separately designated. Only itemized fee and expense billings will be accepted for reimbursement.

[2] Note: If you perform a group of services which takes. 10 hours (six minutes) or less to perform, you must bill those activities together at .10 hour.

- The total amount charged for each timekeeper during the billing period.

The Town will not pay for fees or expenses that are contained within a "Block" billing description. That is, each line of a legal bill must contain the description of one task per time entry. The only exception to this requirement is when multiple activities are undertaken in six minutes or less. In that event, all activities must be grouped together with a time charge of .10 hour.

### B. Description of Professional Services Rendered

Professional Service descriptions should be specific to the task undertaken. Generic or general activity descriptors are not acceptable and will not be reimbursed in the absence of further information. Some examples of generic descriptors **not permitted** follow:

> Arrangements with/for_____.
> Attend deposition.
> Conference with _____.
> Discovery
> Discussion with _____.
> Meeting with _____.
> Research.
> Motion work
> Prepare motion.
> Prepare brief.
> Review file.
> Memo to file.
> Review/draft pleadings.
> Review/draft discovery.
> Prepare correspondence.
> Receipt of documents.
> Review case and issues.
> Review correspondence.
> Work on issues.
> Review and plan.
> Telephone call.
> Trial preparation.
> Update strategy.
> Work on project.
> Work on file.
> Work on discovery.
> Legal research.
> Attention to _____.

It is essential that each legal activity be identified in the billings. The test is whether an attorney or claims person not familiar with the billing attorney, the case, or the billing

firm's practices can determine exactly what professional service was provided and assess the appropriateness of the related time charge.

We expect that services that are routine to the running of a legal office, are <u>not to be</u> billed to the Town. These services are viewed as part of the law firm's usual operating overhead, for which the Town is not responsible and/or is encompassed within the hourly rates that has been agreed to between the law firm and the Town. Some items that are viewed as attorney overhead (this list is not all-inclusive) are:

> Scheduling of appointments
> Scheduling and arrangements for examinations
> Calendaring
> Conflict checks
> Organize and re-organize files (if it does not involve sorting case documents such as individual documents attached to Requests for Production of Documents
> Bate-stamping and date-stamping
> Indexing file materials (unless professional judgment as to the index categories must be used)
> Tabbing file materials
> Pick-up and delivery of documents and records
> Telephone calls and/or correspondence to copy services, record providers, court reporters
> Create and organize binders and notebooks
> Create and organize folders
> Process vendor bills
> Collate
> Prepare medical/employment authorizations
> Organize for storage
> Update lists
> Copy and bind
> File and re-file
> Inventory documents
> Pull/copy documents
> Order reporter or translator
> Instructions to providers or vendors
> Travel arrangements
> Preparation of a record copy service form for employment/medical records
> Faxing
> Wood processing
> Standard file opening and/or closing.

In the examples stated above, the attorney will typically instruct the secretary to complete the task and the secretary will perform the function independently with no further input from the attorney. For instance, the preparation of routine correspondence, many of which are computerized, and pre-printed court notices such as a Notice of Deposition, Demand for

Jury Trial, Demand for Statement of Damages, Entry of Appearance, etc. are items generated by office support staff and are not billable.

### C. Proofreading/Revisions

The Town will not reimburse you for time expended by the firm's personnel in proofreading documents for errors of typing or dictation and for making any corrections as a result.

The Town will reimburse reasonable charges for revising substantial documents. However, revisions made as a result of proofreading a document by the drafter or other firm personnel are not chargeable to the Town.

### D. Prior Approval Items

Whenever these Guidelines state that prior approval from the Town is required before undertaking a task or incurring an expense, the following direction shall apply on the line item billing:

**"Prior approval must be noted on the appropriate line-item on the bill, including the amount of approved budget time, the name of the Town Attorney granting approval, and the date such approval was granted."**

### E. Intra-Office or Inter-Office Conferencing and Memoranda

The Town expects that each file assigned to a specific counsel will be handled by that specific attorney, as a usual practice. The Town does not expect to be billed for intro/inter-office conferencing or memoranda. However, we will pay for the preparation of a memorandum summarizing any approved legal research so long as the memorandum is provided to the Town's assigned claims handler.

### F. Use of Multiple Personnel at a Function

**Prior approval** must be indicated on the bill for the attendance of more than one attorney, paralegal, etc. representing the Town whether at a deposition, hearing, argument, trial, or meeting.

Repetitive file reviews, document reviews, and/or other preparation by more than one attorney and/or paralegal for depositions, hearings, arguments, trial, or meetings is also discouraged and **prior approval** is required.

### G. Deposition

Depositions or examinations before trial can, when properly coordinated, provide information vital to a prompt and fair disposition of the case. We require that you seek **prior approval** for:

4

a) Scheduling any depositions and;

b) Temporary assignment of another attorney in your office to attend a deposition if you are unable to attend due to a schedule conflict. (This is not required due to personal emergency situations)

## H. Legal Research

from ZBA *EFI*

You must obtain **prior approval** before conducting any legal research in excess of one (1) hour. When seeking prior approval you must indicate:

- The purpose of the research;
- Who will perform the research;
- Whether the research can be performed by lower level personnel;
- Whether the firm has ever conducted research on these or similar issues:
- Whether the attorney has access to the prior research;
- If not, why not;
- Estimate of how many hours will be expended performing this research; and
- Estimate of how much the research will cost.

Note: Any deviations from your initial assessment must be addressed with the Town Attorney.

It should be noted that we should not be charged for routine legal research. Legal research concerning matters of common knowledge among reasonably experience counsel in the locale is considered to be routine or elementary and, therefore, is non-chargeable. Where circumstances exist that enable you to utilize your data or brief banks, the Town should only be charged for the updating of previously researched materials. Copies of significant research products should be forwarded to the ~~Town Attorney~~ ZBA *EFI*

## I. Motion Practice

ZBA *EFI*

You must obtain **prior approval** from the Town before engaging in any activity related to the initiating of Motion Practice.

When requesting prior approval to file a motion you must indicate:

1. The purpose of the Motion;
2. The Motion's chance of success;
3. How the Motion will advance the case;
4. How much time will be expended on the Motion;
5. Who will prepare the Motion; and

5

6.  Whether the motion could be prepared by a timekeeper, with a lower hourly rate.

J.  **File Reviews**

1.  General/Diary/Status Reviews

The Town will not pay for a general, diary, or status file review. A general, diary, or status file review is defined as a file review which is not precipitated by an event, such as a telephone call or receipt of correspondence, or which does not result in the creation of any tangible work product.

Reiteration of facts already known is strenuously discouraged and any such charges for such reporting will be denied for payment. Formal status reports are only necessary when there is substantial change of case facts or litigation activities, or if requested by the Town.

(File/status reports should be brief and focus on newly developed events. Both the Attorney and the Town Attorney should be familiar with their respective files so that repetitive reiteration of the claim facts are not necessary)

2.  Transfer File Reviews

The Town will not pay for file reviews caused by an administrative decision by the firm to transfer the entire case or a portion of a case between firm personnel. Similarly, the Town will not pay for file reviews to add personnel or replace personnel handling a case.

3.  Supervisory File Reviews

The Town will not pay for time expended by senior personnel to perform a supervisory review of a file handled by another attorney.

K.  **Discovery**

ZBA  EFf

Upon receiving responses to written discovery requests, a brief summery of the contents will be provided to the ~~Town Attorney.~~ The summary should contain only the highlights of those responses. More importantly, the summary should analyze the impact of the information contained in the discovery responses on the issues in the case.

With the exception of documents relating to economic damages (i.e., medical records, lost wages) do not forward documents, written discovery or deposition transcripts unless requested by the file handler.

### L.  Travel Time

The Town will not pay for travel time unless you are working on other matters while traveling.  Moreover, time spent traveling to/from court or to/from a deposition is not billable if it is less than fifteen (15) minutes.  Any time in excess of fifteen (15) minutes is billable at 75% of the approved rate.

### VI. DISBURSEMENTS/EXPENSES

The Town requires an itemized breakdown of actual disbursement costs. All costs and disbursements should be billed at cost and should not include mark-ups by the firm. Routine expenses incurred should be paid directly by the law firm and then billed back as disbursements pursuant to our interim billing policy.  Exceptional expenses (i.e., **expert** witnesses or preparation of visual evidence) may be forwarded, subject to **prior approval** to incur the expense, directly to the Town Attorney. Such invoices forwarded for payment must include the vendor's tax ID or social security number.

All expenses must have supporting documentation that will be forwarded with the payment request.  The Town will not reimburse any expense unless the description of the expense indicates that it is compensable according to the following expense guidelines.

All disbursement items must be fully described the Town will not accept any "miscellaneous" expense items. All expenses and time charges are subject to our audit. The following guidelines should be followed with regard to specific expense items:

### A.  Photocopy

- In-House Photocopy

    In-house photocopying should be charged at actual cost not to exceed $.10 per page. You should indicate the price per page charged and number of copies made in each invoice.

- Outside Photocopying

    This service is to be utilized as a cost-saving factor for voluminous projects and not as a method to handle overflow or purely for the firm's convenience.  Accordingly, *the Town* expects to see such charges from $.03 to $.15 per page. All documentation from the outside photocopying service validating the charge must be available for audit.

### B. Local/Long Distance Travel

For all automobile travel, the date of travel, person engaging in the travel, destination, purpose of the travel, number of miles traveled, price per mile reimbursed, and the total cost must be indicated. The Town will not pay more than the current I.R.S. mileage rate (at time of publishing, that rate is $.405). Receipts for parking, tolls, taxi fares, etc. must be available for audit. **Prior approval** of the Town Attorney is required for all long distance travel.

### C. Air Travel

All air travel will be reimbursed at economy/coach class rates. You should provide the actual receipt from the airline ticket with your invoice. Air Travel arrangements should be made as early as possible to avoid unnecessary cost.

### D. Hotels

All overnight accommodations will be reimbursed at moderate hotel/motel room rates. A copy of the actual hotel or motel receipt must be provided with your invoice. Prior approval of an overnight stay is required.

### E. Meals

The Town will only reimburse you for meal charges incurred during travel requiring an overnight stay. The maximum allowable reimbursement for meals is $35 per day during trips requiring an overnight stay.

### F. Postage

Postage expenses, includes overnight delivery, are considered part of normal overhead and shall not be accepted for reimbursement.

### G. Facsimile Charges

Incoming and outgoing facsimile transmissions are considered part of normal overhead and are not be accepted for reimbursement, other than the long-distance telephone line charges, if any, associated therewith.

### H. Messenger/Courier/Delivery/Express/Overnight Mail Service

The use of messenger and expedited mail service is considered part of the normal overhead costs of the law firm. The cost of those services is not accepted for reimbursement, except when the use of these services was at the request of the Town or the assigned claims handler, or if an emergency situation occurs over

which the firm has no control. In that event, reimbursement will be subject to **prior approval.**

## I.   Computer-Assisted Research

Charges for expenses associated with the use of the Westlaw, Dialogue, Lexis, Information America, and other computer research databases shall not be reimbursed unless **prior approval** for same has been granted pursuant to the terms of the within Guidelines.

## J.   Database/Data Entry/Document Imaging Charges

The Town discourages you from charging for the preparation, maintenance, data entry, imaging, programming, and document input (including imaging charges) for a database. You must seek **prior approval** from the assigned claims handler before charging the Town for these services.  Such approval will only be given in rare or unusual circumstances.

The Town will not pay, professional rates for document input, imaging, programming, data entry, maintaining, or organizing documents for the database. The Town will pay a reduced agreed-upon clerical rate for these services.  The Town will pay a paralegal rate for activities associated with a database such as determining what documents should be entered, determining how documents are categorized, or summarizing documents.

## K.  Expert Witnesses

**Prior approval** is required before engaging any experts to perform functions on a given case.

## L.  Additional Non-Reimbursable Disbursements

The following costs will not be reimbursed by the Town:

- Clerical or secretarial salaries or overtime expenses for full time or temporary staff
- Office supplies
- Travel related expenses such as: alcoholic beverages, rental movies, personal grooming services, valet services, private limousine transportation as opposed to taxi or shuttle service; and
- Commuting expenses to or from work for firm personnel.

9

## VII. AUDITING

The Town reserves the right to audit all fees and disbursements submitted by your firm along with the corresponding legal file(s). This audit may be performed by the Town personnel or by the designee of the Town.