UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA ex rel. MARY BIXLER WOOD, *et al.*,

                                Plaintiffs,

v.

AVALIGN TECHNOLOGIES, INC., *et al.*,

                                Defendants.

14 Civ. 4958 (ER)

**REPLY DECLARATION OF BRIAN M. FELDMAN**

---

    I, Brian M. Feldman, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I am a partner at Harter Secrest & Emery LLP ("HSE"), representing Relator Mary Bixler Wood ("Relator") in the above-captioned case, and I make this reply declaration in further support of Relator's motion for attorneys' fees and expenses. I make this declaration on personal knowledge.

    2.    This declaration is organized into four parts. The first part discloses my HSE standard national billing rate. The second part identifies the total time that I removed from counsels' time sheets before Relator filed her motion for fees. The third part identifies the fees attributable to travel time. And the fourth part identifies the time spent by counsel working on Relator's fee application.

**I.**    <u>National billing rates</u>.

    3.    On an annual basis, HSE sets standard national billing rates for its attorneys in each practice group. I am the chair of the firm's Government and Internal Investigation's practice group. My current national billing rate, for 2020, is $810. Last year, my 2019 national billing rate was $785. The current senior associate national billing in my practice group is $695 and was $675 last

1

year.  The current associate national billing rate in my practice group is $600 and was also $600 last year.

**II.      More than 35% of counsel's recorded time was removed.**

4.      In paragraphs 27 through 35 of my prior declaration, dated November 22, 2019, I explained my preparation of Relator's fee application in this matter.  As explained in paragraph 31, I combined the spreadsheet containing HSE's time entries in this matter with a similar spreadsheet from co-counsel at Olsson Frank Weeda Terman Matz PC ("OFW Law").  The total time entries recorded between both firms was 5,273.8 hours, comprised of 3,008.9 hours recorded in time entries by HSE and 2,264.9 hours recorded in time entries by OFW Law.

5.      As further explained in paragraphs 32 through 35, I reviewed the combined spreadsheet to exercise billing judgment; to isolate entries relating to work advancing the investigation and litigation of CareFusion Corporation ("CareFusion"), as well as Avalign Technologies, Inc. and Instrumed International, Inc. (collectively, "Avalign"); and to remove entries related exclusively to efforts to advance the prosecution of claims not settled with CareFusion or Avalign.  By doing so, I reduced the time to 3,333.1 hours.  That number represents 63.2% of the total hours recorded, or a reduction of 35.8%.

**III.     Travel time accounts for approximately $36,000.**

6.      Relator has agreed, in her reply papers, to remove travel time from her fee application, so long as the Court calculates fees using Relator's proposed rates.

7.      I estimate travel time to account for $36,000 of Relator's fee application, as attached to my prior declaration as Exhibit 1.  I reached that estimate as follows.  First, I filtered the time entries for all entries including the term "travel" and excluded any entries that did not reflect travel time.  That accounted for 15 entries consisting of 111.6 hours and $86,840.  For each entry, I used

2

an estimate of three hours travel time for travel in either direction between Rochester or Washington, D.C., and New York City. Of the 15 entries, one (1) entry included travel in two directions, which I estimated consisted of 6 hours of travel. The remaining 14 entries included travel in only one direction, which I estimated consisted of 3 hours of travel per entry, or a total of 42 hours of travel. Of the combined estimated 48 hours of travel, 42 of those hours had been billed at the proposed partner rate of $800, for a total of $33,600 for partner travel, and 6 of those hours had been billed at the proposed associate rate of $400, for a total of $2,400 for associate travel. Together, I therefore estimate that $36,000 of Relator's fee application is attributable to travel.

### III. Additional fees for the fee application are $27,840.

8. A copy of spreadsheet tabulating additional attorneys' fees incurred as part of Relator's fee application is attached to this declaration as **Exhibit 4**.

9. To tabulate attorney time, I relied on time entry software used by Harter Secrest & Emery LLP in the normal course of business.

10. My firm has a time entry policy, which requires that all timekeepers maintain and record contemporaneous records of time spent working on files. The policy requires that those contemporaneous time records be entered promptly into our time entry software.

11. Exhibit 1 to my prior declaration included time entries through the end of August 2019. I asked the firm's finance department to export all time recorded on this matter since then to an Excel spreadsheet. That spreadsheet included the date of the recorded time, the timekeeper's name, the narrative detail of the work entered by the timekeeper, and the amount of time recorded by the timekeeper in increments of one tenth of an hour.

12. I reviewed the combined spreadsheet to exclude time that I would not typically charge to a paying client, including for any redundant work. It was my intent to remove all such entries from the spreadsheet, and I believe I have done so.

13. In addition, I reviewed the spreadsheet to isolate those entries relating to work that was part of our efforts relating to Relator's fee application. In so doing, I removed entries relating to discussions with the Office of the U.S. Attorney for the Southern District of New York about common interest and other privileges, as well as entries relating to preliminary discussions with CareFusion and Avalign about the fee application. Moreover, even though both Samuel P. Reger and I are completing work on the fee application today, I have not included any of that time because it has not been entered in our time entry software.

14. To calculate attorneys' fees, I then used the billing rates reflected in Relator's memorandum in support of his motion for attorneys' fees and expenses. According to the calculation by the Excel spreadsheet, those fees totaled $27,840.00.

I declare under penalty of perjury that the foregoing is true and correct.

January 22, 2020
Rochester, New York

/s/ Brian M. Feldman
BRIAN M. FELDMAN